UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUCHUN LAFRE GOODWIN,<br><br>                     Plaintiff,<br><br>          v.<br><br>CITY ATTORNEY'S OFFICE, et al.,<br><br>                     Defendants. | Case No.  1:23-cv-00347-JLT-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff Duchun Lafre Goodwin ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this action on March 8, 2023.  (Doc. 1.)  Plaintiff's complaint is currently before the Court for screening.

**I.      Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Summary of Plaintiff's Allegations**

Plaintiff used a form complaint for this case.  In the caption of the form, the complaint names the City Attorney's Office – Code Enforcement Unit as a defendant, but later identifies Laura Solano, Senior Community Revitalization Specialist, as "Defendant No. 1."  (Doc. 1 at pp. 1, 2.)  As the basis for jurisdiction, Plaintiff lists: "The Fair Housing Act – sections 102 and 103 of the Civil Rights Act of 1991." (*Id.* at p. 4.)  In his statement of claim, he alleges:  "Denied Fair Housing Act Intentional Discrimination." (*Id.* at p. 5.)  As to relief, Plaintiff appears to state: "Lost of rest. property damages.  No Safetey Past Trama stress." (*Id.* at p. 6) (unedited).

**III.    Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim upon which relief may be granted.  As Plaintiff is proceeding in pro se, the Court will allow Plaintiff an opportunity to amend his complaint to the extent he can do so in good faith.  To assist Plaintiff, the Court provides the relevant pleading and legal standards.

**A.  Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678

1  (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is not a plain statement of his claims. Plaintiff's complaint lacks any factual allegations identifying what happened, when it happened, and who was involved. Indeed, it is unclear from the complaint the nature of Plaintiff's claims or the defendants to be named in this action. If Plaintiff files an amended complaint, it should be a short and plain statement of his claims and include factual allegations that identify what happened, when it happened, and who was involved. Fed. R. Civ. P. 8.

### B. Fair Housing Act

Plaintiff appears to assert a claim for intentional discrimination under the Fair Housing Act. Generally, the Fair Housing Act "bars discriminatory housing policies and practices" based on "certain protected characteristics or traits." *SW. Fair Housing Council, Inc. v. Maricopa Domestic Water Improvement Dist.*, 17 F.4th 950, 955 (9th Cir. 2021). The Act "provides a private right of action for an 'aggrieved person' subjected to 'an alleged discriminatory housing practice,' 42 U.S.C. § 3613(a)(1)(A), including a practice that violates § 3604." *Cabrera v. Alvarez*, 977 F. Supp. 2d 969, 975 (N.D. Cal. 2013). Among other things, the Act makes it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a).

To state a claim for discrimination under § 3604(a), a party must allege that (1) they are a member of protected class; (2) they were denied the sale or rent of a dwelling after making a bona fide offer, was refused negotiations concerning the sale or rental of a dwelling, or that a dwelling was otherwise made unavailable or denied to plaintiff; and (3) plaintiff's protected class was a motivating factor for the discriminatory conduct. *See Shultz v. Kern Cty.*, No. 2:22-CV-00397-KJM-AC (PS), 2022 WL 658140, at *2 (E.D. Cal. Mar. 4, 2022) (offering similar formulation of prima facie case for claims brought under § 3604(b)); *see also SW. Fair Housing*

3

1 *Council, Inc.*, 17 F.4th at 972 (noting that "allegations that discrimination was a motivating factor behind a defendant's actions are essential to plead a disparate-treatment claim"); *Thomas v. San Francisco Housing Auth.*, No. 3:16-CV-03819-CRB, 2017 WL 878064, at *4 n.6 (N.D. Cal. Mar. 6, 2017) (noting that prima facie elements of fair housing claim must be pled).

Plaintiff's complaint contains no factual allegations to support a Fair Housing Act claim for intentional discrimination or any other claim. If Plaintiff elects to amend his complaint, he must include factual allegations sufficient to plead the prima facie elements of a fair housing claim.

### C. Sections 102 and 103 of Civil Rights Act

In the complaint, Plaintiff cites sections 102 and 103 of the Civil Rights Act of 1991 as providing the basis for jurisdiction. "Congress enacted the Civil Rights Act of 1991 (1991 Act), Pub. L. No. 102-166, 105 Stat. 1071, in order to restore civil rights limited by then-recent Supreme Court decisions and to strengthen existing protections and remedies available under federal civil rights laws to provide more effective deterrence and adequate compensation for victims of discrimination." *Lambert v. Tesla, Inc.*, 923 F.3d 1246, 1249 (9th Cir. 2019) (internal quotations and citation omitted). Section 102 relates to damages in cases of intentional discrimination in employment. *See* Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat 1071. Section 103 relates to attorney's fees. *Id.*

Sections 102 and 103 do not provide for independent causes of action. Moreover, Plaintiff's complaint is devoid of any factual allegations and does not allege that any defendant violated his civil rights. If Plaintiff elects to amend his complaint, then he must include factual allegations to support a claim.

### IV.   Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim upon which relief may be granted. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, then the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **August 3, 2023**          /s/ Barbara A. McAuliffe            
                                  UNITED STATES MAGISTRATE JUDGE