1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     DUCHUN LAFRE GOODWIN,                    Case No.  1:23-cv-00347-JLT-BAM

12              Plaintiff,                       FINDINGS AND RECOMMENDATIONS
                                                 REGARDING DISMISSAL OF ACTION
13         v.
                                                 (Doc. 10)
14     CITY ATTORNEY'S OFFICE, et al.,
                                                 **FOURTEEN-DAY DEADLINE**
15              Defendants.

16

17         Plaintiff Duchun Lafre Goodwin ("Plaintiff") proceeds pro se and in forma pauperis in

18   this civil action.  (Doc. 1.)  For the reasons that follow, the Court will recommend that this action

19   be dismissed for failure to state a claim upon which relief may be granted and for failure to obey a

20   court order.

21         **I.      Background**

22         Plaintiff initiated this action on March 8, 2023, and filed an incomplete application to

23   proceed in forma pauperis.  (Docs. 1, 2.)  On March 10, 2023, the Court ordered Plaintiff to

24   submit a completed and signed application to proceed in forma pauperis or pay the $402.00 filing

25   fee for this action within thirty (30) days from the date of service of the order.  (Doc. 3.)

26         On April 13, 2023, in lieu of filing a completed application or paying the filing fee,

27   Plaintiff filed a request for an extension of time "to serve the Defendants City Attorney's Office,

28   et al, Court documents to come to court."  (Doc. 4.)  In response, on April 14, 2023, the Court

                                                1

1   informed Plaintiff that he must either submit a completed application to proceed in forma

2   pauperis or pay the filing fee before this action may proceed and that no summons would be

3   issued.   The Court therefore construed Plaintiff's request as one for an extension of time to file

4   his completed application to proceed in forma pauperis or pay the filing fee.  Plaintiff was

5   directed to file a completed application to proceed in forma pauperis or, in the alternative, pay the

6   $402.00 filing fee for this action within thirty (30) days of service.  (Doc. 5.)

7          On April 24, 2023, the Court's order extending the time for Plaintiff to file his application

8   to proceed in forma pauperis or pay the filing fee was returned as "Undeliverable, Unable to

9   Forward."  (*See* Docket.)

10          On May 30, 2023, Plaintiff filed a motion to consolidate this action with other cases

11   pending in this district, including cases that have now been closed or are pending dismissal, and

12   requesting copies of subpoenas.  (Doc. 6.)  Plaintiff's motion did not include an updated address.

13          On June 27, 2023, the Court issued a second order directing Plaintiff to file a completed

14   application to proceed in forma pauperis or pay the filing fee within thirty (30) days.  (Doc. 7.)

15          On July 27, 2023, apparently in response to the Court's second order, Plaintiff filed a

16   completed application to proceed in forma pauperis.  (Doc. 8.)  The Court granted the application

17   on July 28, 2023.  (Doc. 9.)

18          Thereafter, on August 3, 2023, the Court screened Plaintiff's complaint and granted him

19   leave to amend within thirty (30) days of service of the Court's order.  (Doc. 10.)  Plaintiff was

20   expressly warned that if he failed to file an amended complaint in compliance with the Court's

21   order, then the Court would recommend dismissal of this action, with prejudice, for failure to

22   obey a court order and for failure to state a claim upon which relief may be granted.  (Id.)  The

23   deadline for Plaintiff to file his amended complaint has passed and Plaintiff has not complied with

24   the Court's order.[1]   The Court therefore will recommend dismissal of this action for failure to

25   state a claim and for failure to obey a court order.

26

27   [1] The Court's July 28, 2023 Order granting Plaintiff's application to proceed in forma pauperis was
     returned as "Undeliverable, Insufficient Address" on August 7, 2023.  However, the Court's Screening
28   Order issued on August 3, 2023, has not been returned.

1    **II.     Failure to State a Claim**

2         **A.  Screening Requirement and Standard**

3         The Court screens complaints brought by persons proceeding in pro se and in forma

4    pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to

5    dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be

6    granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28

7    U.S.C. § 1915(e)(2)(B)(ii).

8         A complaint must contain "a short and plain statement of the claim showing that the

9    pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

10   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

11   conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

12   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

13   true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

14   572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

15        To survive screening, Plaintiff's claims must be facially plausible, which requires

16   sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

17   for the misconduct alleged.  *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

18   *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

19   is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

20   standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

21        **B.  Summary of Plaintiff's Allegations**

22        Plaintiff used a form complaint for this case.  In the caption of the form, the complaint

23   names the City Attorney's Office – Code Enforcement Unit as a defendant, but later identifies

24   Laura Solano, Senior Community Revitalization Specialist, as "Defendant No. 1."  (Doc. 1 at pp.

25   1, 2.)  As the basis for jurisdiction, Plaintiff lists: "The Fair Housing Act – sections 102 and 103

26   of the Civil Rights Act of 1991."  (*Id.* at p. 4.)  In his statement of claim, he alleges:  "Denied Fair

27   Housing Act Intentional Discrimination."  (*Id.* at p. 5.)  As to relief, Plaintiff appears to state:

28   "Lost of rest. property damages.  No Safetey Past Trama stress."  (*Id.* at p. 6) (unedited).

1

## C. Discussion

2

### 1. Federal Rule of Civil Procedure 8

3    Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and

4   plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

5   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

6   of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678

7   (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

8   claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

9   at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are

10  not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

11   Plaintiff's complaint is not a plain statement of his claims.  Plaintiff's complaint lacks

12  any factual allegations identifying what happened, when it happened, and who was involved.

13  The Court cannot discern the nature of Plaintiff's claims or the defendants to be named in this

14  action.

15

### 2. Fair Housing Act

16   Plaintiff appears to assert a claim for intentional discrimination under the Fair Housing

17  Act.  Generally, the Fair Housing Act "bars discriminatory housing policies and practices" based

18  on "certain protected characteristics or traits."  *SW. Fair Housing Council, Inc. v. Maricopa*

19  *Domestic Water Improvement Dist.*, 17 F.4th 950, 955 (9th Cir. 2021).  The Act "provides a

20  private right of action for an 'aggrieved person' subjected to 'an alleged discriminatory housing

21  practice,' 42 U.S.C. § 3613(a)(1)(A), including a practice that violates § 3604." *Cabrera v.*

22  *Alvarez*, 977 F. Supp. 2d 969, 975 (N.D. Cal. 2013). Among other things, the Act makes it

23  unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate

24  for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because

25  of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a).

26   To state a claim for discrimination under § 3604(a), a party must allege that (1) they are a

27  member of protected class; (2) they were denied the sale or rent of a dwelling after making a

28  bona fide offer, was refused negotiations concerning the sale or rental of a dwelling, or that a

4

1    dwelling was otherwise made unavailable or denied to plaintiff; and (3) plaintiff's protected class

2    was a motivating factor for the discriminatory conduct. *See Shultz v. Kern Cty.*, No. 2:22-CV-

3    00397-KJM-AC (PS), 2022 WL 658140, at *2 (E.D. Cal. Mar. 4, 2022) (offering similar

4    formulation of prima facie case for claims brought under § 3604(b)); *see also SW. Fair Housing*

5    *Council, Inc.*, 17 F.4th at 972 (noting that "allegations that discrimination was a motivating

6    factor behind a defendant's actions are essential to plead a disparate-treatment claim"); *Thomas*

7    *v. San Francisco Housing Auth.*, No. 3:16-CV-03819-CRB, 2017 WL 878064, at *4 n.6 (N.D.

8    Cal. Mar. 6, 2017) (noting that prima facie elements of fair housing claim must be pled).

9         Plaintiff's complaint contains no factual allegations to support a Fair Housing Act claim

10    for intentional discrimination or any other claim.

11       **3.   Sections 102 and 103 of Civil Rights Act**

12         In the complaint, Plaintiff cites sections 102 and 103 of the Civil Rights Act of 1991 as

13    providing the basis for jurisdiction. "Congress enacted the Civil Rights Act of 1991 (1991 Act),

14    Pub. L. No. 102-166, 105 Stat. 1071, in order to restore civil rights limited by then-recent

15    Supreme Court decisions and to strengthen existing protections and remedies available under

16    federal civil rights laws to provide more effective deterrence and adequate compensation for

17    victims of discrimination." *Lambert v. Tesla, Inc.*, 923 F.3d 1246, 1249 (9th Cir. 2019) (internal

18    quotations and citation omitted).  Section 102 relates to damages in cases of intentional

19    discrimination in employment.  *See* Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat

20    1071.  Section 103 relates to attorney's fees.  *Id.*

21         Sections 102 and 103 do not provide for independent causes of action.  Moreover,

22    Plaintiff's complaint is devoid of any factual allegations and Plaintiff does not allege that any

23    defendant violated his civil rights.

24       **III.  Failure to Obey a Court Order**

25         **A.      Legal Standard**

26         Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

27    any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

28    within the inherent power of the Court."  District courts have the inherent power to control their

1    dockets and "[i]n the exercise of that power they may impose sanctions including, where

2    appropriate, . . . dismissal." *Thompson v. Hous. Auth.,* 782 F.2d 829, 831 (9th Cir. 1986).  A

3    court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

4    failure to obey a court order, or failure to comply with local rules.  *See*, *e.g.*, *Ghazali v. Moran*,

5    46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v.*

6    *Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order

7    requiring amendment of complaint); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130–33 (9th Cir.

8    1987) (dismissal for failure to comply with court order).

9          In determining whether to dismiss an action, the Court must consider several factors: (1)

10    the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

11    docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

12    cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*,

13    779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

14                    **B.        Discussion**

15          Here, Plaintiff's amended complaint is overdue.  The action cannot proceed without

16    Plaintiff's cooperation and compliance with the Court's order. Moreover, the Court cannot hold

17    this case in abeyance awaiting compliance by Plaintiff.  The Court additionally cannot

18    effectively manage its docket if Plaintiff ceases litigating his case.  Thus, the Court finds that

19    both the first and second factors weigh in favor of dismissal.

20          The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a

21    presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

22    *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs

23    against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*,

24    291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose

25    responsibility it is to move a case toward disposition on the merits but whose conduct impedes

26    progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Prods.*

27    *Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

28          Finally, the Court's warning to a party that failure to obey the Court's order will result in

                                            6

1   dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at

2   1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's August 3, 2023

3   screening order expressly warned Plaintiff that his failure to comply would result in a

4   recommendation for dismissal of this action.  (Doc. 10 at p. 5.)  Plaintiff had adequate warning

5   that dismissal could result from his noncompliance.

6          Additionally, at this stage in the proceedings there is little available to the Court that

7   would constitute a satisfactory lesser sanction while protecting the Court from further

8   unnecessary expenditure of its scarce resources.  Plaintiff's in forma pauperis status in this action

9   indicates that monetary sanctions are of little use, and the preclusion of evidence or witnesses is

10  likely to have no effect given that Plaintiff has ceased litigating his case.

11         **III.     Conclusion and Recommendation**

12         For the reasons stated, it is HEREBY RECOMMENDED as follows:

13         1.  This action be dismissed, with prejudice, based on Plaintiff's failure to state a

14             cognizable claim for relief and failure to comply with the Court's order; and

15         2.  All pending motions be denied as moot.

16         These Findings and Recommendations will be submitted to the United States District

17  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within**

18  **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may

19  file written objections with the Court.  The document should be captioned "Objections to

20  Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

21  objections within the specified time may result in the waiver of the "right to challenge the

22  magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir.

23  2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).
    IT IS SO ORDERED.

24

25    Dated:   **September 12, 2023**          /s/ *Barbara A. McAuliffe*

26                                          UNITED STATES MAGISTRATE JUDGE

27

28

                                          7