UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUCHUN LAFRE GOODWIN,<br><br>   Plaintiff,<br><br>   v.<br><br>CITY ATTORNEY'S OFFICE, et al.,<br><br>   Defendants. | Case No.: 1:23-cv-0347 JLT BAM<br><br>ORDER ADOPTING PART THE FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 11) |

Plaintiff seeks to hold the defendants liable for a violation of "The Fair Housing Act – sections 102 and 103 of the Civil Rights Act of 1991." (Doc. 1 at 4.) On August 3, 2023, the magistrate judge reviewed the factual allegations in the complaint and found Plaintiff failed to state a claim for a violation of the Fair Housing Act or discrimination under Sections 102 and 103 Civil Rights Act. (Doc. 10 at 2-4.) Plaintiff was granted leave to amend his complaint. (*Id.* at 5.)  However, on August 7, 2023, prior mail from the Court was returned as undeliverable.

On September 12, 2023, the magistrate judge issued Findings and Recommendations, recommending the action be dismissed for failure to state a claim and failure to comply with the Court's order to file an amended complaint. (Doc. 11.) The Findings and Recommendations were served at the only address on record for Plaintiff, and were also returned—marked "Undeliverable, Return to Sender, Insufficient Address, Unable to Forward"— on October 3, 2023. Importantly, the Court's Screening Order directing Plaintiff to file an amended complaint was also returned as

1

"Undeliverable, Attempted - Not Known" on October 11, 2023. Thus, the Screening Order was returned to the Court after the Findings and Recommendations were issued.

According to 28 U.S.C. § 636 (b)(1)(C) *and Britt v. Simi Valley United School Dist*., 708 F.2d 452, 454 (9th Cir. 1983), this Court conducted a *de novo* review of the case. The Court finds the analysis concerning Plaintiff's failure to state a claim is supported by the record and proper analysis. The Court declines to adopt the recommendation to the extent it recommends dismissal for Plaintiff's failure to comply with the Court's order, as it appears Plaintiff never received the document.

Nevertheless, the Court agrees Plaintiff failed to prosecute this action, particularly due to his failure to file a notice of change of address as required by Local Rules after the Court mail was returned as undeliverable. Specifically, the Rules state: "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." Local Rule 183(b). Because the Court's order granting Plaintiff's motion to proceed *in forma pauperis* was returned to the Court on July 28, 2023, any notice of change of address was due no later than September 29, 2023. Thus, Plaintiff has failed to comply with the Court's Local Rules, and dismissal is also appropriate on these grounds. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply with local rules); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and failure to comply with local rules). Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations dated September 12, 2023 (Doc. 11), are adopted in part.
2. The Complaint is dismissed without prejudice for failure to state a claim and failure to prosecute.
3. The Clerk of Court is directed to close this action.

IT IS SO ORDERED.

Dated:   **October 16, 2023**                                   /s/ Jennifer L. Thurston
                                                                 UNITED STATES DISTRICT JUDGE